```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN SURA,

                         Plaintiff,           15-cv-6719 MAT

             v.                               **DECISION**
                                              **AND ORDER**
ZIMMER, INC., ZIMMER HOLDINGS, INC.,
and ZIMMER ORTHOPEDIC SURGICAL PRODUCTS,
INC.,

                         Defendants.
_____
```

## **INTRODUCTION**

Plaintiff Kevin Sura ("Plaintiff"), who was initially represented by counsel but is now proceeding *pro se*, commenced the instant action on November 30, 2015 (Docket No. 1). Plaintiff asserts that Defendants Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer Orthopedic Surgical Products, Inc. (collectively "Zimmer" or "Defendants") were negligent in developing, designing, and engineering a knee replacement component, and that Plaintiff was damaged as a result of Defendants' negligence.

Currently pending before the Court is a motion for summary judgment filed by Defendants. Docket No. 41. Defendants seek judgment in their favor on the basis the Plaintiff has failed to timely identify any expert testimony related to the alleged design defect, and that Plaintiff therefore cannot prove the essential elements of his claim. For the reasons discussed below, the Court grants Defendants' motion.

## BACKGROUND

The following facts are taken from the respective statements of fact, affidavits, and exhibits submitted by the parties.

Defendants are the designers and manufactures of knee replacement components. On April 24, 2012, Plaintiff underwent knee replacement surgery at Highland Hospital in Rochester, New York, and received Zimmer components. According to Plaintiff, he underwent multiple follow-up procedures, but ultimately had to have all Zimmer knee replacement components removed and was implanted with new, non-Zimmer components.

Plaintiff commenced this action on November 30, 2015. Docket No. 1. Plaintiff was initially represented by counsel, and filed the short-form complaint for a multi-district litigation ("MDL") venued in the Northern District of Illinois. *See* Docket Nos. 1, 3. However, it was subsequently determined that Plaintiff did not receive any of the knee replacement components involved in the MDL, and his counsel withdrew from the case. *See* Docket Nos. 4-5, 8, 13.

On September 1, 2016, the Court entered an order allowing Plaintiff six months in which to retain replacement counsel. Docket No. 17. On February 27, 2017, Plaintiff filed an amended complaint asserting a single claim of negligence against Defendants, alleging a design defect. Docket No. 18. Plaintiff subsequently appeared at a scheduling conference on March 1, 2017, at which he informed the Court that he intended to proceed *pro se*. *See* Docket No. 20.

The Court entered a Case Management Order on March 1, 2017, setting a deadline of September 15, 2017 for Plaintiff to identify any expert witnesses. Docket No. 23. On September 21, 2017, Plaintiff filed a motion seeking an extension of this deadline. Docket No. 30. The Court granted Plaintiff's motion and extended his deadline to identify expert witnesses to October 30, 2017. Docket Nos. 29, 31.

On November 17, 2017, Plaintiff filed a second motion seeking an extension of his deadline to identify expert witnesses. Docket No. 34. The Court granted this motion and extended Plaintiff's deadline to identify expert witnesses to January 10, 2018. Docket Nos. 39, 40.

Plaintiff failed to identify any expert witnesses by January 10, 2018. Plaintiff also failed to move for any further extensions or take any other action to address his failure to meet the Court-ordered deadline.

On February 13, 2018, Defendants filed the instant motion for summary judgment. Docket No. 41. Defendants' Certificate of Service indicates that they served Plaintiff with a copy of the Important Notice to Pro Se Litigants required by Local Rule of Civil Procedure 56, which informs *pro se* litigants of the potential consequences of a motion for summary judgment and explains what must be filed in response. *See* Docket No. 41 at 4.

The Court set a response deadline of March 14, 2018 and a reply deadline of March 28, 2018. Plaintiff did not file his response papers until March 28, 2018 (Docket No. 46), two weeks

past the response deadline. Accordingly, Defendants filed their reply papers on April 4, 2018. Docket No. 50.

**DISCUSSION**

**I. Standard of Review**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the Court will grant summary judgment if the moving party demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986)).

**II. The Court Will Consider Plaintiff's Response**

As a threshold matter, Defendants urge the Court to disregard Plaintiff's response to the pending motion in its entirety, inasmuch as it was filed two weeks late. However, in light of Plaintiff's *pro se* status, and in the interests of justice, the Court will excuse Plaintiff's late filing. It appears that Plaintiff may have been confused by the Court's scheduling order and may have believed that the relevant deadline for his papers was the March 28, 2018 date for reply papers. Moreover, Defendants

have had the opportunity to file reply papers (*see* Docket No. 50), which the Court has read and considered. Accordingly, no prejudice to Defendants has resulted from Plaintiff's late filing.

**III. Defendants are Entitled to Summary Judgment**

Defendants seek summary judgment on the basis the Plaintiff is unable to prove the essential elements of his claim. In particular, Defendants contend that Plaintiff has not identified any expert witnesses and that "[b]lack-letter New York law requires plaintiffs to prove the elements of product defect and medical causation in a complex medical device case with expert testimony." Docket No. 42 at 6. In opposition to Defendants' motion, Plaintiff argues that Defendants did not supply him with requested discovery until December 28, 2017, leaving him insufficient time to retain an expert witness.

The Court's jurisdiction in this matter is based on the parties' diversity of citizenship. Accordingly, the substantive law of New York governs. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) ("It is a long-recognized principle that federal courts sitting in diversity apply state substantive law and federal procedural law.") (internal quotation omitted). Under New York law, "[a] plaintiff seeking to impose liability for a design defect must demonstrate the following: (1) the product, as designed, posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing plaintiff's injury." *Maxwell v. Howmedica Osteonics*

*Corp.*, 713 F. Supp. 2d 84, 90 (N.D.N.Y. 2010). "[A] plaintiff seeking to establish a design defect is required to provide expert testimony as to the feasibility and efficacy of alternative designs." *Id*. at 91. Additionally, "in products liability cases, to establish causation, [plaintiffs] must offer admissible expert testimony regarding both general . . . and specific causation." *Coleson v. Janssen Pharm.*, Inc., 251 F. Supp. 3d 716, 723 (S.D.N.Y. 2017) (internal quotations omitted).

In this case, it is undisputed that Plaintiff has not identified any expert witnesses or otherwise produced expert testimony regarding the feasability and efficacy of alternative designs or regarding causation. Accordingly, on the current record, Plaintiff will not be able to prove the essential elements of his design defect claim.

Plaintiff does not dispute the fact that he has failed to produce any expert testimony in this case. Instead, he argues that he should be given more time to identify and retain an expert witness, because Defendants did not provide him with discovery responses until December 2017. However, Plaintiff has failed to show that Defendants engaged in dilatory discovery conduct, and has further offered no explanation for why he failed to seek an additional extension of his deadline for expert disclosure.

The Court acknowledges that Plaintiff is proceeding *pro se* and that, accordingly, some leeway is appropriate. However, "[a]lthough *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural

rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). "It is especially true that *pro se* litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education." *Kalamaras v. Lombardi*, No. CV 11-1262 JS ARL, 2012 WL 6091394, at *1 (E.D.N.Y. Nov. 14, 2012), *report and recommendation adopted*, 2012 WL 6094148 (E.D.N.Y. Dec. 7, 2012); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008).

In this case, Plaintiff clearly understood that he was required to identify expert witnesses by the deadline set forth in the Court's Case Management Order, as amended. Indeed, Plaintiff demonstrated the he was fully capable of requesting extensions of that deadline, as he did on two separate occasions. Nevertheless, Plaintiff failed to comply with the amended deadline of January 10, 2018, and failed to seek any additional extensions. Plaintiff has offered no explanation for his failure to move this Court to extend his deadline.

Additionally, there is no indication in Plaintiff's response to the instant motion that he has engaged an expert witness, despite the fact that he affirmatively alleges he received Defendants' discovery demands in December 2017, roughly four months ago. In other words, there is no basis for the Court to conclude that, even were it to grant another extension, Plaintiff would be in a position to comply with the amended deadline.

Moreover, Plaintiff's claim that Defendants engaged in dilatory discovery tactics is wholly unsupported. To the contrary, it was Plaintiff who waited until September 12, 2017, just three days before his initial expert disclosure deadline, to file discovery demands. Defendants subsequently consented to two adjournments of the expert witness disclosure deadline, giving Plaintiff ample time to comply with his discovery obligations. "Simple allegations of improper discovery tactics are not sufficient to defeat a summary judgment motion, particularly where the party making those allegations has failed to take advantage of the appropriate avenues of relief available under the Federal Rules of Civil Procedure." *Bank of Am. Nat. Tr. & Sav. Ass'n v. Envases Venezolanos, S.A.*, 740 F. Supp. 260, 269 (S.D.N.Y. 1990).

In sum, the Court finds that Plaintiff has not proffered any reasonable explanation for his failure to comply with the expert witness disclosure deadline, nor has he shown that an additional extension of time is warranted. Because Plaintiff has failed to identify any expert witnesses, under applicable New York law, he will not be able to prove the essential elements of his sole claim against Defendants. *See Hilaire v. DeWalt Indus. Tool Co.*, 54 F. Supp. 3d 223, 252 (E.D.N.Y. 2014) (a "party cannot survive summary judgment on a design defect claim without admissible expert testimony") (quotation omitted). As such, Defendants have demonstrated their entitlement to summary judgment in their favor, and their motion is granted.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion for summary judgment (Docket No. 41). The Clerk of the Court is instructed to enter judgment in favor of Defendants and to close the case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                S/Michael A. Telesca

                                MICHAEL A. TELESCA
                            United States District Judge

DATED:    Rochester, New York
             April 11, 2018